**DEFENDERS OF WILDLIFE, George Marsik, Jerry Van Gasse, and James A. Slingluff, Plaintiffs,**

v.

**Carol BROWNER, Administrator, United States Environmental Protection Agency; Felicia Marcus, Regional Administrator, EPA Region IX; and United States Environmental Protection Agency, Defendants.**

**No. CIV 93–234 TUC ACM.**

United States District Court, D. Arizona, Tucson Division.

May 1, 1995.

David S. Baron, Arizona Center for Law in the Public Interest, Tucson, AZ, for plaintiffs.

Karen L. Egbert, U.S. Dept. of Justice, Environment & Natural Resources Div., Washington, DC, for defendants.

## ORDER

MARQUEZ, Senior District Judge.

January 4, 1995, this Court issued an Order dismissing Plaintiffs' action brought pursuant to the citizen's suit provision of the Clean Water Act (CWA), Section 505(a)(2), 33 U.S.C. 1365(a)(2). At the time, Plaintiff had not sought leave of this Court to file an Amended Complaint to add a claim for unreasonable delay under the Administrative Procedure Act (APA). In a supplemental memorandum addressing whether this Court could exercise jurisdiction over such a claim, Plaintiffs primarily argued that an Amended Complaint was unnecessary and that this Court should of its own volition invoke the APA, find unreasonable delay, and fashion a remedial scheme. Unpersuaded, this Court dismissed the action for lack of jurisdiction over Plaintiffs' citizen suit.

Plaintiffs' Motion to Reconsider asks this Court to vacate its January 4, 1995, Order and to grant leave to file a Supplemental Complaint.[1] Plaintiffs submit that the January 4, 1995, Order should have granted leave to amend rather than dismiss the action. Further, Plaintiffs complain that footnote 7 of the Court's Order "might be read by some as holding that jurisdiction does not exist to hear an APA claim."

Upon reconsideration of the record, the Court is concerned that its *sua sponte* inquiry into jurisdiction under the APA may have mislead Plaintiffs into believing that it would *sua sponte* direct them to file an Amended Complaint in the event the Court found it lacked jurisdiction over Plaintiffs' citizen's suit. Therefore, in the interests of fairness and judicial economy, the Court shall vacate its January 4, 1995, Order and allow Plaintiffs to file an Amended Complaint to add a claim of unreasonable delay.

Accordingly,

**IT IS ORDERED** that Plaintiffs' Motion to Reconsider is **GRANTED.**

**IT IS FURTHER ORDERED** that this Court's Order filed January 4, 1995, is **VACATED,** to be **SUPERSEDED** by the attached Order.

---

1. Plaintiffs' request to file a Supplemental Complaint shall be treated as a motion for leave to file an Amended Complaint.